1 DAVID F. MCDOWELL (*Pro Hac Vice*)
DMcDowell@mofo.com
2 MORRISON & FOERSTER LLP
555 West Fifth Street
3 Los Angeles, California  90013-1024
Telephone:  213-892-5200
4 Facsimile:  213-892-5454

5 REBEKAH KAUFMAN (*Pro Hac Vice*)
RKaufman@mofo.com
6 MORRISON & FOERSTER LLP
425 Market Street, 32d Floor
7 San Francisco, California  94105-2482
Telephone:  415-268-7000
8 Facsimile:  415-268-7522

9 Attorneys for Defendants Hartford Life and
Annuity Insurance Company and Paul
10 Bannock

NICHOLAS J. SANTORO (Nev. Bar No. 532)
NSantoro@nevadafirm.com
JASON D. SMITH (Nev. Bar No. 9691)
JDSmith@nevadafirm.com
SANTORO, DRIGGS, WALCH, KEARNEY,
HOLLEY & THOMPSON
400 South Fourth Street, 3rd Floor
Las Vegas, Nevada 89101
Telephone:  702-791-0308
Facsimile:  702-791-1912

11

12                    UNITED STATES DISTRICT COURT
13                         DISTRICT OF NEVADA

14 ROMALENE TOLENTINO and PREFERRED
MORTGAGE SERVICES, INC.,

15                          Plaintiffs,

16            v.

17

18 HARTFORD LIFE AND ANNUITY
INSURANCE COMPANY, a Connecticut
19 corporation; HARTFORD FINANCIAL
SERVICES GROUP, INC., an Illinois
20 corporation; ECONOMIC CONCEPTS, INC.,
and Arizona corporation; and PAUL
21 BANNOCK, an individual,

22                          Defendants.

Case No. 2:09-CV-01327-JCM-LRL

XXXXXXXXX **STIPULATED
PROTECTIVE ORDER REGARDING
CONFIDENTIAL INFORMATION**

23

24

25

26

27

28

1    The undersigned counsel for Plaintiffs and for Defendants hereby stipulate and agree as

2  follows:

3    1.    In this action, the parties or others may be required to disclose information that the

4  conveying party considers confidential.  The parties agree that good cause exists for such

5  confidential information to be protected from unnecessary disclosure.  The parties agree to this

6  Stipulated Protective Order to accomplish that task.

7    2.    This Stipulated Protective Order ("Order") shall govern all discovery, materials

8  and things produced and/or disclosed by parties and third parties in this proceeding, including all

9  information in or derived from writings and documents, electronically stored information,

10  deposition testimony, deposition exhibits, deposition transcripts, responses to discovery, and

11  other written, recorded or graphic materials.

12    3.    "Confidential Information" as used herein refers to any information that is

13  conveyed by any party or non-party in connection with this action that a party or non-party

14  claims, in good faith, constitutes or contains financial or other business information of a

15  proprietary, confidential, or commercially sensitive nature, or information invasive of an

16  individual's legitimate privacy interests.  Confidential Information includes:

17    a.    Information set forth in response to discovery requests, provided that prior

18  to disclosure to the receiving party through its counsel, the conveying party marks the responses

19  with one of the following legends:

20    **CONFIDENTIAL**

21    **or**

22    **CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY**

23
24  or similar legend agreed upon by the parties clearly indicating whether the conveying party

25  intends that the material is to be viewed only by attorneys and experts for the receiving party or

    by other designated individuals as provided herein;

26
27    b.    Information set forth in documents produced in response to a request for

    production, provided that prior to or at the time of production to the receiving party through its

28

1 counsel, the conveying party designates such documents as Confidential Information or marks

2 copies of such documents with a legend as set forth in subparagraph (a) above.

3       A conveying party who produces documents from its files for inspection and selection for

4 copying by a receiving party through its counsel may require that, during the course of

5 production, such documents only be reviewed by persons authorized to receive Confidential

6 Information pursuant to Paragraphs 5 or 6 of this Order, and any copies, reproductions,

7 summaries, excerpts, compilations, notes, or information obtained or generated by such reviewers

8 during the course of production shall be treated as Confidential Information designated for access

9 only as contemplated by Paragraphs 5 or 6;

10       c.    Information disclosed during depositions, provided that counsel, the

11 witness, or the party whose Confidential Information is to be or was disclosed, states on the

12 record at the deposition what is to be treated as Confidential Information.  Arrangements shall be

13 made with the court reporter taking and transcribing such proceedings to separately bind such

14 portions of the transcript containing information designated as Confidential, and to label such

15 portions appropriately.  Additionally, a party or non-party may designate such Confidential

16 Information in writing within fifteen (15) days of the completion of the transcript of such

17 deposition (as certified by the court reporter).  After any such written designation, counsel for all

18 the parties shall be responsible for marking the designated material in all previously unmarked

19 copies of transcripts with a legend as set forth in subparagraph (a) above.  Prior to the expiration

20 of such fifteen (15) day period, all information disclosed during a deposition shall constitute

21 Confidential Information, unless otherwise agreed by the parties and the witness, or ordered by

22 the Court;

23       d.    Any other information conveyed by the conveying party to the receiving

24 party directly or through its counsel that the conveying party claims in good faith to be its

25 financial or other business information of a proprietary, confidential, or commercially sensitive

26 nature, or information invasive of an individual's legitimate privacy interests, provided that, prior

27 to disclosure to the receiving party through its counsel, the information, if in written or other

28 tangible form, is marked by the conveying party with one of the legends set forth in

subparagraph (a) above, and, if in oral or other intangible form, is identified as Confidential Information and, if practical, within fifteen (15) days after disclosure is reduced to written form which bears one of the notices set forth above;

  e. In addition, a party other than the conveying party may designate as Confidential Information any information that a party claims, in good faith, to be its financial or other business information of a proprietary, confidential, or commercially sensitive nature, or information invasive of an individual's legitimate privacy interests. Such designation shall be made at any time by giving written notice to all parties to this action. All parties shall then mark the designated documents with a legend as set forth in subparagraph (a) above;

  f. Copies, reproductions, notes, summaries, excerpts, and compilations of or references to any information set forth in subsections (a) through (e), inclusive, above.

  4. If any information that a conveying party claims in good faith is Confidential Information is inadvertently disclosed to a receiving party without being properly designated as Confidential Information, the conveying party may notify each receiving party that such Confidential Information inadvertently was not so designated. Such written notice shall identify with specificity the information or documents the conveying party is then designating to be Confidential Information. If the conveying party gives such written notice as provided above, its claims of confidentiality shall not be deemed to have been waived by its failure to designate properly the information as Confidential Information prior to disclosure. Upon receipt of written notice as provided for herein, the receiving party shall mark the original and all known copies of the documents with the proper designation. In addition, the receiving party shall use its best efforts to ensure that the information that was inadvertently not designated is thereafter restricted to only those persons entitled to receive Confidential Information under the terms set forth herein.

  5. Confidential Information may be designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY" where the conveying party reasonably and in good faith believes that such Confidential Information is highly sensitive and that its disclosure other than as provided for in this Paragraph could result in the substantial invasion of the conveying party's legitimate interest in maintaining as confidential proprietary or commercially sensitive

1   information, or a substantial invasion of the conveying party's legitimate privacy interests.

2   Confidential Information designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY"

3   shall be deemed to require the highest degree of confidentiality and may be disclosed only to

4   (i) in-house and outside attorneys and their respective employees for the parties; (ii) copy services

5   retained by counsel for the parties for the preparation of this action; (iii) outside experts or

6   consultants retained for the purposes of this litigation provided that review of such Confidential

7   Information designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY" is necessary

8   for such expert or consultant to render his or her opinion; and (iv) Plaintiff(s), provided the

9   information designated "CONFIDENTIAL -- FOT ATTORNEYS' EYES ONLY" disclosed to

10  Plaintiff(s) refers solely to Plaintiff(s) or to the person or entity to whom it relates has consented

11  to its disclosure.

12          6.      Confidential Information designated "CONFIDENTIAL" may be disclosed subject

13  to all the provisions and restrictions employed with respect to materials and information

14  designated "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY," except that the

15  Confidential Information designated "CONFIDENTIAL" may also be disclosed to parties and

16  their employees, non-party witnesses, and experts or consultants of a party, to the extent deemed

17  necessary by counsel for the prosecution or defense of this litigation.  For purposes of this Order,

18  "party" with respect to the plaintiff(s) herein shall mean only those individuals that are named

19  plaintiffs in this action.

20          7.      Before a receiving party discloses a conveying party's Confidential Information to

21  any expert or consultant or non-party witness, the expert or consultant or non-party witness must

22  certify that he or she has read this Order and manifest his or her assent to be bound thereby by

23  signing a copy of the "Certification," the form of which is attached hereto as Exhibit A.  Once a

24  person has executed such a "Certification," it shall not be necessary for that person to sign a

25  separate "Certification" each time that person is subsequently given access to Confidential

26  Information. Each "Certification" executed by an expert or consultant or non-party witness shall

27  be retained by counsel for the receiving party, and need not be produced to the conveying party

28  except as necessary in the case of a dispute concerning a violation of this Order.  Non-party

1   witnesses who are shown Confidential Information shall not be allowed to retain copies of the

2   Confidential Information.

3       8.      Nothing herein shall prohibit a party, or its counsel, from disclosing a document

4   designated "CONFIDENTIAL" or "CONFIDENTIAL — FOR ATTORNEYS' EYES ONLY" to

5   the author or recipient of such document, or to a person who is a current executive officer or

6   director of the same company as the author or recipient, or who served as an executive officer or

7   director of that company at the time the document was authored.

8       9.      Except as otherwise agreed upon by the parties in writing, all Confidential

9   Information produced in this litigation shall be used only by persons permitted access to it

10   pursuant to Paragraphs 5, 6, and 8, shall be used only for the purpose of this action, *Tolentino, et*

11   *al. v. Hartford Life and Annuity Insurance Company, et al.*, Case No. 2:09-CV-01327-JCM-LRL,

12   and may not be used for any other purpose, including any other administrative or judicial

13   proceedings or actions; and shall not be disclosed to persons other than those permitted access

14   pursuant to Paragraphs 5, 6, and 8.

15       10.     The recipient of any Confidential Information that is provided under this Order

16   shall maintain such information in a secure and safe area and shall use best efforts to maintain the

17   confidentiality of such information and ensure that access to Confidential Information is strictly

18   limited to persons entitled to receive Confidential Information in accordance with the provisions

19   of this Order.

20       11.     No person shall attend portions of depositions during which Confidential

21   Information is disclosed unless such person is an authorized recipient of Confidential Information

22   under the terms of this Order.  If, during the course of a deposition, the response to a question

23   would require the disclosure of Confidential Information, the witness may refuse to answer or the

24   party whose Confidential Information would be disclosed may instruct the witness not to answer

25   or not to complete his answer, as the case may be, until any persons not authorized to receive

26   Confidential Information have left the room.

27       12.     Any court reporter or videographer who transcribes or videotapes testimony in this

28   action at a deposition shall be required to agree, before transcribing or videotaping any such

[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION
Case No. 2:09-CV-01327-JCM-LRL

5

testimony, that all information designated Confidential Information shall not be disclosed except as provided in this Order, and that copies of any transcript, reporter's notes, videotapes, or any other transcription records of any such testimony will be retained in absolute confidence and safekeeping by such reporter or videographer or shall be delivered to an attorney of record or filed under seal with the Court.

13.     Stamping a Confidential Information legend (as detailed in Paragraph 3, subparagraph (a)) on the cover of any multi-page document shall designate all pages of the document as Confidential Information unless otherwise indicated by the conveying party.

14.     Any party filing with the Court any pleading, memorandum of points and authorities, motion, brief, affidavit, declaration or other paper containing, appending, summarizing, excerpting or otherwise embodying Confidential Information must comply with applicable law with respect to filing documents under seal in this Court.

15.     Should need arise during any hearing before the Court for any party to disclose Confidential Information, it may do so only after appropriate safeguards are provided by the Court.

16.     Notwithstanding any other provision of this Order to the contrary, the confidentiality obligations of this Order shall not apply, or shall cease to apply, to any information that:

a.     At the time of disclosure hereunder, was already lawfully in the possession of the receiving party and was not acquired through discovery or under any obligation of confidentiality; or

b.     At the time of disclosure hereunder was, or subsequently becomes, through no fault of the receiving party, a public document or publicly available.

17.     Nothing in the provisions of this Order shall prevent a conveying party from using its own Confidential Information in any manner such conveying party desires.

18.     Nothing in the provisions of this Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, such additional protection with respect to Confidential Information as that party may consider appropriate. If a receiving party disputes the

designation of a document as "Confidential" or "Confidential – For Attorneys' Eyes Only," the receiving party's counsel shall inform counsel for the producing party in writing of the objection. Counsel for the producing party shall, within ten (10) business days after receipt of the objection, set forth in writing the basis for the designation. After the parties have conferred, if the dispute cannot be resolved, the producing party shall apply to the court for a Protective Order. If the producing party does not re-designate the document: (i) after the parties confer or (ii) if the receiving party does not withdraw its objection, then the document will lose its confidential designation unless the producing party files for a Protective Order within twenty (20) days. In the event an application for Protective Order is filed pursuant to this paragraph, the Confidential Information in question shall remain subject to this Order until the Court rules on the application.

19.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, including all appeals, unless otherwise agreed or ordered. At the conclusion of the litigation, including all appeals, any document or thing (other than attorney work product, court filings, or e-mail or correspondence maintained for archival or record-keeping purposes) which contains Confidential Information of a party and all copies made thereof, including any copies provided to any other persons, shall within 30 days be returned to the conveying party from whom it was obtained or destroyed. If a party destroys, rather than returns, Confidential Information, that party shall certify in writing that such documents have been destroyed, and serve such certification on all parties within 30 days of the termination of this litigation. At the conclusion of this litigation, including all appeals, counsel for the parties shall maintain the confidentiality as specified in this Order of all work product materials containing Confidential Information, and shall not use Confidential Information for any other purpose.

20.     In the event any person or party having possession, custody or control of any Confidential Information receives a subpoena, discovery request, or other process or order to produce such information, such person or party shall promptly notify the attorneys of record of the party or nonparty claiming such confidential treatment of the information sought, shall furnish those attorneys of record with a copy of said subpoena, request, or other process or order, and

1    shall not interfere with respect to any procedure sought to be pursued by the party or nonparty

2    whose interests may be affected.  The party or nonparty asserting the confidential treatment shall

3    have the burden of defending against such subpoena, process or order.  The person or party

4    receiving the subpoena, request, or other process or order shall, once sufficient notice to all

5    interested parties and a reasonable opportunity (but in no case less than 5 days after notice) to

6    object has been given, be entitled to comply with it except to the extent the party or nonparty

7    asserting the confidential treatment has filed for or succeeded in obtaining an order modifying or

8    quashing the subpoena, request, or order.

9       21.    This Order shall be without prejudice to the right of any party to oppose

10   production of any information on any ground allowed under applicable law.

11      22.    Any party may apply to the Court for an order modifying this Order, and nothing

12   in this Order shall be deemed to prevent such application.  This Order may also be modified with

13   the consent of all parties, subject to Court approval, or by the Court on its own motion, and

14   nothing in this Order shall be deemed to prevent such modification.

15      23.    Nothing herein shall be deemed to waive any applicable privilege or work product

16   protection, or to affect the ability of a party to seek relief for inadvertent disclosure of material

17   protected by privilege or work product protection.

18      24.    Nothing contained in this Order, nor any action taken in compliance with it, shall:

19           a.    Operate as an admission by any party that any particular document or

20   information is, or is not, confidential;

21           b.    Operate as an admission by any party that any particular document or

22   information is, or is not, subject to discovery or admissible in evidence at the trial of this action.

23      25.    The parties, including all persons subject to discovery in these proceedings or who

24   receive a copy of this Order, hereby consent to the jurisdiction of this Court for the purpose of

25   enforcement of the provisions of this Order.  The Court hereby retains jurisdiction to interpret and

26   enforce this Order during the pendency of this action and following dismissal, if any, and further

27   retains jurisdiction to modify, amend or make additions to this Order as it may from time to time

28

1    deem appropriate.  Any violation of the terms of this Order may result in the imposition of such

2    relief as the Court deems appropriate.

3          26.    This Order may be executed in counterparts.

4          27.    The Court may modify this Order in the interests of justice or for public policy

5    reasons.

6

7

8    IT IS HEREBY STIPULATED.

     Dated:  September 24, 2010              GREGORY R. MILLER
                                            DAVID L. MCGEE
9                                           BEGGS & LANE, RLLP

10

11                                          By:    /s/ Gregory R. Miller
                                                   Gregory R. Miller
12
                                            Attorneys for Plaintiffs Romalene
13                                          Tolentino and Preferred Mortgage
                                            Services, Inc.

14   Dated:  September 24, 2010              DAVID F. MCDOWELL
15                                          REBEKAH KAUFMAN
                                            MORRISON & FOERSTER LLP

16                                          NICHOLAS J. SANTORO
17                                          JASON D. SMITH
                                            SANTORO, DRIGGS, WALCH, KEARNEY,
18                                          HOLLEY & THOMPSON

19

20                                          By:    /s/ Jason D. Smith
                                                   Jason D. Smith
21
                                            Attorneys for Defendants Hartford Life
22                                          and Annuity Insurance Company and
                                            Paul Bannock

23

24

25

26

27

28

     [PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION        9
     Case No. 2:09-CV-01327-JCM-LRL
                                                                     sf-2900002

1

XXXXXXXX  **ORDER**

2          Pursuant to the parties' Stipulation, and good cause appearing therefore, it is hereby

3   ordered that the stipulation of the parties regarding confidential information is confirmed in all of

4   its particulars.

5

6   IT IS SO ORDERED.

7   Dated: _____October 7_____, 2010          _____

8                                                   LAWRENCE R. LEAVITT
                                                    U.S. MAGISTRATE JUDGE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] STIPULATED PROTECTIVE ORDER RE CONFIDENTIAL INFORMATION          10
Case No. 2:09-CV-01327-JCM-LRL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT A**

**CERTIFICATION**

      I, _____ (print or type name), hereby certify that I have read the [Proposed] Stipulated Protective Order Regarding Confidential Information in the action entitled *Tolentino, et al. v. Hartford Life and Annuity Insurance Company, et al.*, Case No. 2:09-CV-01327-JCM-LRL, prior to receiving any Confidential Information as defined therein, that I understand the terms and effect of that Order, and that I agree to be bound thereby. I further agree to submit to the jurisdiction of the United States District Court for the District of Nevada in connection with that Order.

      I understand that all Confidential Information, as defined in the Order, including, but not limited to any copies thereof or notes or other transcriptions made therefrom, shall be maintained in a secure manner and shall be returned no later than 30 days after the termination of this action to the counsel for the party or other person who provided such Confidential Information.

      I declare under penalty of perjury under the laws of the State of Nevada that the foregoing is true and correct.

      Executed this _____ day of _____, 20___, at _____.

_____

Hartford/Tolentino - Proposed Protective Order/sf-2900002 v1             09/24/2010 12:24 PM